UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Carolyn Hayes,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GKS Development Inc.,<br><br>　　　　　　　Defendant. | Case No. 2:23-cv-01678-APG-BNW<br><br>**SCREENING ORDER** |

　　　　Pro se Plaintiff Carolyn Hayes brings this employment-discrimination case related to events that occurred while she was employed at GKS Development. Hayes submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the court will grant her request to proceed *in forma pauperis*. ECF No.1. The court now screens Hayes' complaint.

**I.　ANALYSIS**

　　**A.　Screening standard**

　　　　Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints

and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the complaint**

Hayes alleges that she was intimidated and reported this to Human resources. Shortly thereafter, she alleges she was reprimanded and left her job because it was a hostile environment.

*1. Retaliation*

To make out a prima facie case of retaliation, plaintiffs must show that they (1) "undertook a protected activity under Title VII," (2) defendants subjected them to an adverse employment action, and (3) "a causal link between the two." *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003). Protected activities under Title VII include opposing allegedly discriminatory acts by one's employer. *Id.*; *see also* 42 U.S.C. 2000(e)–3(a). They also include making informal complaints to one's supervisor. *See Ray v. Henderson*, 217 F.3d 1234, 1240 n.3 (9th Cir. 2000).

Hayes fails to state a claim for retaliation. While she alleges she was reprimanded after she complained, she does not state the nature of the protected activity about which she complained. Plaintiff must state the nature of her complaint to Human Resources so that the Court can determine whether it is activity protected under Title VII.

*2. Race discrimination*

To sufficiently allege a prima facie case of discrimination in violation of Title VII to survive a § 1915 screening, Plaintiff must allege that: (1) she is a member of a protected class; (2) she was performing according to the Company's legitimate expectations; (3) she suffered an adverse employment action; and (4) similarly situated individuals outside of her protected class were treated more favorably. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)

While Plaintiff checks a box indicating she was subject to racial discrimination, she does not provide any facts to support that claim. Thus, she fails to state a claim for racial discrimination.

### C.  Instructions for amendment

If Hayes chooses to file an amended complaint, she must correct the deficiencies identified in this order. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Hayes still must give defendants fair notice of each of the claims she is alleging against each defendant.

Hayes is advised that if she chooses to file an amended complaint, the original complaint no longer serves any function in this case. As such, if she files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently.  The court cannot refer to a prior pleading or to other documents to make her amended complaint complete.  The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

## II.     CONCLUSION

**IT IS ORDERED** that Hayes' motion to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk of court must detach and separately file Hayes' complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Hayes' complaint is dismissed with leave to amend.

///

///

///

**IT IS FURTHER ORDERED** that Plaintiff file an amended complaint within thirty (30) days of the entry of this order.

DATED: October 20, 2023

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE