UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| CAROLYN HAYES, | Case No.: 2:23-cv-01678-APG-BNW |
|---|---|
| Plaintiff | **Order Granting Motion to Dismiss** |
| v. | [ECF No. 10] |
| GKS DEVELOPMENT, INC., | |
| Defendant | |

      Plaintiff Carolyn Hayes sues her former employer, defendant GKS Development, Inc. ECF No. 5.  GKS moves to dismiss, arguing that Hayes failed to properly serve it because Hayes personally served the summons, Hayes did not provide a copy of the complaint, and the person she served is not authorized to accept service for GKS.  GKS also contends that the amended complaint fails to state a claim.  In response, Hayes concedes that she served GKS herself.  She also states that her daughter served the summons at GKS's corporate office without the "claim" (presumably she means the complaint), thinking that the court would serve the defendant with the complaint.  Hayes admits that she misunderstood how to accomplish service and requests more time to serve GKS.

      I grant GKS's motion to dismiss for lack of proper service.  Federal Rule of Civil Procedure 4 requires a plaintiff to complete personal service of the summons and complaint unless the defendant waives service. Fed. R. Civ. P. 4(h), (e).  Hayes admits she and her daughter served only the summons, so service was defective.  Additionally, Rule 4(c)(2) provides that service may be accomplished by anyone who is at least 18 years old, but who is not a party to the case.  Hayes admits she served GKS herself, so that service was defective.  Additionally, Hayes does not dispute that the person served is not GKS's authorized agent for receipt of service.

Hayes requests leave for more time to serve GKS. Under Rule 4(m), if a defendant is not timely and properly served, I may "order that service be made within a specified time." Because Hayes is proceeding pro se, I grant her request to extend time to serve GKS.

I encourage Hayes to review Federal Rule of Civil Procedure 4 to understand how to accomplish service. Also, I note that Hayes indicated in her response that she would attempt to serve GKS "certified," which I presume means by certified mail. *See* ECF No. 15 at 1. However, a plaintiff cannot serve an individual or nongovernmental company by certified mail under either federal or Nevada law. *See, e.g.*, *Johnson v. Clark Cnty. Sch. Dist.*, No. 2:14-cv-02213-JAD-VCF, 2016 WL 3156059, at *1 (D. Nev. June 3, 2016); *Cabrera v. Las Vegas Metro. Police Dep't*, No. 2:12-CV-00918-RFB-CWH, 2014 WL 6634821, at *2-3 (D. Nev. Nov. 21, 2014).

I THEREFORE ORDER that defendant GKS Development, Inc.'s motion to dismiss **(ECF No. 10) is GRANTED**.

I FURTHER ORDER that plaintiff Carolyn Hayes has until March 31, 2024 to properly serve defendant GKS Development, Inc.

DATED this 1st day of March, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE